**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-36013 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-05896-BHS |
| v. | |
| ROBERT REVELS, III, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 30, 2018
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Following his conviction for aiding and abetting unarmed robbery and unsuccessful direct appeal, Defendant-Petitioner Robert Revels filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence. The district court denied Revels relief on the claims he raises on appeal. We affirm.

1.    We granted Revels a certificate of appealability ("COA") with respect

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to the following issue: "whether trial counsel furnished ineffective assistance by failing to inform Revels, before he rejected the government's plea offer, that his prior convictions would result in a sentence enhancement under the career offender provision of U.S.S.G. § 4B1.1." Revels did not press this argument in either his briefing or at oral argument. It is waived. *In re Riverside–Linden Inv. Co.*, 945 F.2d 320, 325 (9th Cir. 1991). Regardless, the argument fails because Revels' current term of imprisonment is shorter than the government's best plea offer. Revels suffered no prejudice in rejecting the plea offer. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

2.     Instead, on appeal, Revels argues that his trial counsel provided ineffective assistance in failing to inform Revels that he could be subject to a sentencing enhancement under the career offender provision of U.S.S.G. § 4B1.1 when deciding whether to propose a lesser-included offense of aiding and abetting unarmed robbery to the court. We did not grant Revels a COA with respect to this issue. "Under Ninth Circuit Rule 22-1(e), uncertified issues raised on appeal will be construed as a motion to expand the COA and will be addressed . . . to such extent as [we] deem[] appropriate." *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012) (quotations omitted). We may expand the COA if "jurists of reason could disagree with the district court's resolution of [Revel's] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement

2

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We conclude that Revels' ineffective assistance of counsel claim with respect to the lesser-included offense strategy is "adequate to deserve encouragement to proceed further" and reach the merits of that claim. We therefore expand the COA to include this issue.

3. But we reject Revels' claim on the merits, and we affirm the district court's rejection of this claim. Revels has not shown the requisite prejudice, as required by *Strickland v. Washington*, 466 U.S. 668, 694 (1984), to be entitled to relief based on ineffective assistance of counsel. First, following re-sentencing, Revels' sentence is no longer based on the career offender provision of U.S.S.G. § 4B1.1. The allegedly deficient actions therefore had no bearing on the current sentence. Under these circumstances, Revels has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Second, the district court explained below that even if Revels' trial counsel had not proposed the lesser-included offense of aiding and abetting unarmed robbery to the court, the court would nonetheless have convicted Revels of this offense *sua sponte*. This finding by the district court effectively precludes this ineffective assistance of counsel claim because of lack of prejudice. Revels would find himself in the same

3

position regardless of the allegedly deficient actions taken by his trial counsel. As the district court correctly found, Revels has failed to show prejudice.

**AFFIRMED.**